BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ENHANCED RECOVERY COMPANY, LLC TELEPHONE CONSUMER PROTECTION ACT ("TCPA") LITIGATION (NO. II). | MDL No. 2717 |

**PLAINTIFF MEDINA'S REPLY IN SUPPORT OF MOTION FOR TRANSFER OF ACTIONS TO THE CENTRAL DISTRICT OF CALIFORNIA FOR CONSOLIDATION OF ALL PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

Plaintiff Sherryl Medina in the case *Medina v. Enhanced Recovery Company, LLC*, Civ. No. 2:15-cv-14342-JEM (S.D. Fla.) (filed on Sept. 30, 2015) ("*Medina* Action"), hereby files this Reply in Support of her Motion for Transfer of Actions to the United States District Court for the Central District of California for Consolidation of all pretrial proceedings pursuant to 28 U.S.C. § 1407. "None of the parties now before the Panel opposes centralization. The only dispute concerns selection of the transferee district."[1]

### I. TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA WOULD PROMOTE A JUST AND EFFICIENT RESOLUTION TO THIS LITIGATION

All responding parties, with the exception of Defendant ERC, support transfer to the Central District of California. Plaintiff John Carter Williams in the first-filed *Williams* Action notes that the Central District of California is not overburdened with MDL proceedings and that the Honorable Josephine L. Staton would be an ideal transferee judge. (*See* ECF No. 11). Plaintiff Danny Allen in the *Allen* Action likewise supports transfer to the Central District of

---

[1] *In re Enron Corp. Securities, Derivative & "ERISA" Litig.*, 196 F. Supp. 2d 1375, 1376 (J.PM.L. 2002).

1

California and identifies several reasons why the Central District of California would be the ideal transferee venue:

- The *Williams* Action was filed in the Central District of California and assigned to Judge Staton. Pursuant to Central District of California General Order No. 14-03, later-filed actions that concern the same transaction or event raised in the *Williams* Action will be referred to Judge Staton for relation to that action. Presently, the *Allen* Action is also pending in the Central District of California; and of the remaining two Scheduled actions, the *Cook* Action has also been filed in California in the Eastern District and Plaintiff Medina in the *Medina* Action has requested transfer to the Central District of California as well. (ECF No. 12 at 3).

- The Central District of California is the most appropriate for transfer of the Scheduled Actions because it is the location of where two of the four Scheduled Actions have been filed, including the first filed *Williams* Action. These circumstances weigh in favor of transferring the Scheduled Actions to Judge Staton in the Central District of California. (ECF No. 12 at 3-4).

- Judge Staton's ample experience with multi-district litigation and adjudicating issues germane to the Scheduled Actions, as well as class actions generally, demonstrates the appropriateness of the requested transferee forum. (ECF No. 12 at 4).

Plaintiff Medina also notes in her transfer motion that the Central District of California has favorable docket conditions and is "well-suited to manage this litigation." (See ECF No. 1 at 10). Finally, the Plaintiff in the *Cook* matter has not filed a response to Plaintiff's transfer motion. Thus, it should be assumed that Plaintiff Cook also consents to transfer in the Central District of California. *See* J.P.M.L Rule 6.1(c) ("Any other party may file a response within 21 days after filing of a motion. Failure to respond to a motion shall be treated as that party's acquiescence to it."). Thus, all parties except ERC prefer the Central District of California. *See, In re SFBC Int'l, Inc., Sec. & Derivative Litig.*, 435 F. Supp. 2d 1355, 1356 (J.P.M.L. 2006) (relying on the fact that the District of New Jersey was "the preferred transferee forum of several responding parties" in deciding to transfer the MDL to that district).

## II.   ERC'S ARGUMENTS OPPOSING THE CENTRAL DISTRICT OF CALIFORNIA ARE UNAVAILING

ERC argues that the "nexus" of the litigation is in the Middle District of Florida because that is where their corporate representatives are located. (ECF No. 13 at 5). But ERC also argues that information from its third party vendors and the company's creditors will also be highly relevant in this litigation. (ECF No. 13 at 3). It is unlikely that all of these third parties are located in Florida.[2] Plaintiff's Media's counsel has learned through discovery that ERC contracts with a company called LiveVox to perform outbound dialing services. *See* Def.'s Resp. to Plf.'s Rog No. 7, *Medina* Action, No. 2:15-cv-14342-JEM, ECF No. 30-4 at 9 (S.D. Fla. Feb. 18, 2016). Significantly, LiveVox maintains its corporate headquarters in California.[3] Thus, the location of ERC's headquarters should be given little deference in this matter. Instead, the Panel should transfer the actions to California where three of the actions are pending, where the first-filed *Williams* Action pending, and where a significant third-party vendor is located.

ERC also argues that Judge Staton was recently assigned an MDL proceeding. However, it is common practice for this Panel to assign multiple MDL matters to well-qualified jurists.[4] This Panel should be confident in Judge Staton's ability to effectively manage two MDL proceedings. *In re Vizio, Inc.*, MDL 2693, 2016 WL 1402906, at *2 (J.P.M.L. Apr. 7, 2016) (stating that Judge

---

[3] *See* "Contact Us" Page on the LiveVox Website, *available at* http://www.livevox.com/about-livevox/contact-us/ (last visited May 4, 2016).

[4] *See, e.g., MDL Statistics Report- Distribution of Pending MDL Dockets by District* (April 15, 2016 Report), available at http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-April-15-2016.pdf. (last visited May 4, 2016) (showing that many judges are assigned multiple MDL matters and that the Honorable Charles R. Breyer of the Northern District of California is even currently assigned to four pending MDLs).

Staton "is an able and experienced jurist" and that the Central District of California "has the resources and capacity to efficiently handle this litigation.").

Lastly, ERC has identified "potential tag-along matters" to support a basis for transferring this action to the Middle District of Florida. As an initial matter, however, ERC has not filed a "Notice of Potential Tag Along Matters" in accordance with Panel Rule 6.2(d) ("Any party or counsel in a new group of actions under consideration for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential tag-along actions in which that party is also named or in which that counsel appears."). ERC is in the best position to fully identify all "Potential Tag Along Matters" because it is the common defendant and has knowledge of the status of each matter. According to ERC's opposition, it seems as though there are several individual actions that are pending all across the country. This fact perhaps undermines ERC's averment that it "takes its obligations to comply with the applicable statutes and regulations seriously." *See* ECF No. 13 at 1.

### III.  ALTERNATIVELY, PLAINTIFF SUPPORTS TRANSFER TO THE SOUTHERN DISTRICT OF FLORIDA

There are currently no Scheduled Actions pending in the Middle District of Florida whereas the *Medina* Action is currently pending before the Honorable Judge Jose E. Martinez in the Southern District of Florida. Judge Martinez is an experienced and capable jurist who is familiar with the claims at issue and is well-suited to steer this matter on a prudent course. The parties in the *Medina* Action have already started the discovery and there is a fully briefed motion regarding bifurcation of class certification issues. *See* Briefing on Def.'s Mot. to Stay or Alternatively Bifurcate Discovery, *Medina*, 2:15-cv-14342-JEM, ECF Nos. 25, 29 & 31 (S.D. Fla.); *see also* Plf.'s Mot. to Compel, ECF No. 30. ERC even states in its response brief that it

would support transfer to the Southern District of Florida and that "Unlike the judges in the other Scheduled Actions, Judge Martinez has been presented the issues relevant to the consolidated action." ERC's Resp. to Plf. Medina's Mot. to Transfer Actions, MDL No. 2717, ECF No. 13 at 9.

Moreover, the Miami International airport in the Southern District of Florida is "among the busiest airports in the world" and has daily non-stop flights to over fifty destinations in the United States.[5]  The Southern District of Florida is more accessible than the Middle District of Florida and will best serve the convenience of the parties and the witnesses.

Finally, a United States District Court has already decided this issue under 28 U.S.C. § 1406 and came to the conclusion that transfer to the Southern District of Florida was more appropriate than transfer to the Middle District of Florida. *See* Order to Show Cause re: Venue, *Medina*, 3:15-cv-01966-LAB-KSC, ECF No. 3 (S.D. Cal. Sept. 10, 2015) ("Venue would be proper either in the Southern District of Florida, where Medina lived at the time she received the cell phone calls at issue here, or in the Middle District of Florida, where Enhanced Recovery's corporate headquarters are."); Order Transferring Venue, *Medina*, 3:15-cv-01966-LAB-KSC, ECF No. 5-1 at 4, (S.D. Cal. Sept. 28, 2015) ("The Court finds jurisdiction is not proper in this District, but appears to be proper in the Southern District of Florida. As provided in 28 U.S.C. § 1406(a), this case is therefore ORDERED transferred to the U.S. District Court for the Southern District of Florida."). This Panel gives "great weight" to prior transfer orders made by District Courts. *See In re Holiday Magic Sec. & Antitrust Litig.*, 368 F. Supp. 806, 807 (J.P.M.L. 1973) ("transferor judges and the reasons given therefor are normally entitled to great weight in

---

[5] *See, e.g.,* Miami International Airport Statistics, *available at* http://www.miami-airport.com/airport_stats.asp. & http://www.miami-airport.com/cities_served_nonstop.asp. (lasted visited May 4, 2016).

selecting the most appropriate transferee district."); *In re Air Crash Near Edgartown, Mass., on Oct. 6, 2000*, 269 F. Supp. 2d 1370, 1371 (J.P.M.L. 2003) ("We are persuaded that the District of Massachusetts is an appropriate transferee forum for this docket. We note that [] four of the five federal court actions arising from the crash are pending in the District of Massachusetts, including two actions which were transferred there [by district court judges]").

## CONCLUSION

For the foregoing reasons, Plaintiff Medina respectfully request that the Panel transfer the Scheduled Actions for consolidated proceedings to the Honorable Judge Josephine L. Staton of the United States District Court for the Central District of California. Alternatively, Plaintiff Medina respectfully requests transfer of the Scheduled Actions to the Southern District of Florida before the Honorable Jose E. Martinez.

Respectfully submitted,

Dated: May 4, 2016

*/s/ Kas L. Gallucci*
By: Kas L. Gallucci
*kas@consumersadvocates.com*

Ronald A. Marron
*ron@consumersadvocates.com*

**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

*Attorneys for Plaintiff Sherryl Medina*