UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ENHANCED RECOVERY COMPANY, LLC,
TELEPHONE CONSUMER PROTECTION ACT
(TCPA) LITIGATION (NO. II)  MDL No. 2717


ORDER DENYING TRANSFER


**Before the Panel:**[*] Plaintiff in an action pending in the Southern District of Florida moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Central District of California or, alternatively, in the Southern District of Florida. This litigation consists of four actions—two actions pending in the Central District of California and one action each in the Eastern District of California and the Southern District of Florida—as listed on Schedule A.[1] All the responding parties support centralization, but disagree as to the transferee district. Plaintiffs in the two actions pending in the Central District of California support centralization in that district. Defendant Enhanced Recovery Company, LLC (ERC) supports centralization in the Middle District of Florida, where a previous MDL involving ERC was centralized. *See In re Enhanced Recovery Co., LLC, Tel. Consumer Prot. Act Litig.*, 899 F. Supp. 2d 1382 (J.P.M.L. 2012). ERC alternatively suggests centralization in the Southern District of Florida.

Although all responding parties support centralization, the Panel has an institutional responsibility that goes beyond accommodating the particular wishes of the parties. Here, on the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. These actions share some common factual questions relating to allegations that ERC violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, by placing debt collection calls to plaintiffs' cellular telephones using an automated system, without the plaintiffs' consent. When only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Movant has not met that burden. There are relatively few actions at issue in this litigation, and the factual issues presented are neither

---

[*] Judges Lewis A. Kaplan, R. David Proctor, and Catherine D. Perry took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] The Panel has been notified of eleven potentially related actions, each of which raises individual claims for violation of the Telephone Consumer Protection Act. In contrast, the four actions on the motion each assert claims on behalf of putative nationwide classes.

-2-

particularly complex nor numerous. The rapid progression of a prior MDL involving TCPA claims against ERC from centralization to settlement demonstrates the relatively straightforward nature of the issues and claims in this litigation. *See In re Enhanced Recovery Co., LLC, Tel. Consumer Prot. Act Litig.*, MDL No. 2398, 899 F. Supp. 2d 1382 (J.P.M.L. 2012).

Additionally, proceedings in two of the actions are somewhat advanced and are progressing at an expeditious pace. Prior to the filing of this Section 1407 motion, jury trials in the two actions in the Central District of California were scheduled to take place in September 2016. Likewise, several of the actions noticed as related by ERC have discovery cut-offs that have either passed or will pass within the next few months. A notice of settlement has been filed in one related action, while another is stayed pending resolution of summary judgment motions in a related action by that same plaintiff. Centralization in these circumstances thus is likely to delay resolution of the actions. *See, e.g., In re Lifewatch, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, MDL No. 2653, __ F. Supp. 3d __, 2015 WL 6080848 (J.P.M.L. Oct. 13, 2015) (denying centralization of similarly advanced TCPA actions). As ERC is the sole defendant in each action, and there are few involved plaintiffs, the parties are well-situated to resolve any overlapping pretrial proceedings that may remain.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell      Charles R. Breyer
Ellen Segal Huvelle

**IN RE: ENHANCED RECOVERY COMPANY, LLC,**
**TELEPHONE CONSUMER PROTECTION ACT**
**(TCPA) LITIGATION (NO. II)**                                     MDL No. 2717

## SCHEDULE A

<u>Central District of California</u>

ALLEN v. ENHANCED RECOVERY COMPANY, LLC, C.A. No. 5:15-00806
WILLIAMS v. ENHANCED RECOVERY COMPANY, LLC, C.A. No. 8:15-00265

<u>Eastern District of California</u>

COOK v. ENHANCED RECOVERY COMPANY, C.A. No. 2:16-00248

<u>Southern District of Florida</u>

MEDINA v. ENHANCED RECOVERY COMPANY, LLC, C.A. No. 2:15-14342